USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/19/2015

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                     :
ALEJANDRA SOTA MIRAFUENTES,                          :
                                                     :
                              Plaintiff,             :     14-CV-9921 (JMF)
                                                     :
               -v-                                   :     ORDER
                                                     :
FORBES MEDIA, LLC, et al.,                           :
                                                     :
                              Defendants.            :
                                                     :
-------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Alejandra Sota Mirafuentes, a citizen of Mexico, filed this libel lawsuit against Forbes Media, LLC and several other defendants, alleging diversity of citizenship pursuant to Title 28, United States Code, Section 1332. (Compl. (Docket No. 1) ¶¶ 1, 22-28). By Order dated April 21, 2015, the Court ordered Plaintiff to amend her Complaint to "allege the citizenship of each constituent person or entity comprising the Defendant LLCs (including the state of incorporation and principal place of business of any corporate entity member) as well as the citizenship of all individual parties." (Docket No. 39, at 2). The Court further indicated that "[i]f, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party." (*Id.*).

On May 7, 2015 (Docket No. 40), Plaintiff submitted a letter in which she explained that the parties had since learned that the sole member of Defendant Forbes Media LLC is a company incorporated in the British Virgin Islands; accordingly, since Plaintiff is a foreign citizen, she was unable to amend her Complaint to truthfully allege complete diversity of citizenship. *See Porghavami v. Aerolinea Principal Chile S.A.*, No. 14-CV-6351 (GBD) (AJP), 2015 WL 1206493, at *4 (S.D.N.Y. Mar. 17, 2015) (noting that diversity is destroyed under Section 1332

when there are "foreign citizens on both sides"). The Court then ordered Defendants to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. (Docket No. 41). Defendants Forbes Media, LLC and Forbes.com LLC responded by "confirm[ing] that there is a lack of complete subject-matter jurisdiction in this case" (Docket No. 44); Defendant Dolia Estevez, writing "on behalf of all defendants," indicated that Defendants "do not oppose dismissal of the entire action for lack of subject matter jurisdiction" (Docket No. 46).

Upon review of the parties' submissions in response to the Court's April 21, 2015 Order, and in light of Second Circuit case law interpreting Section 1332, the Court concludes that it lacks subject-matter jurisdiction over this case. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[D]iversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." (internal quotation marks omitted); *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580-81 (2d Cir. 2002) ("[D]iversity is present when the action is between 'citizens of a State and citizens or subjects of a foreign state,' 28 U.S.C. § 1332(a)(2), or between 'citizens of different States and in which citizens or subjects of a foreign state are additional parties,' *id*. § 1332(a)(3). However, diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."). Accordingly, this case is hereby DISMISSED. Further, Defendants' pending motion to dismiss this action on other grounds (Docket No. 35) is DENIED as moot.

The Clerk of Court is directed to terminate Docket No. 35 and to close this case.

SO ORDERED.

Dated: May 19, 2015
      New York, New York

_____
JESSE M. FURMAN
United States District Judge